IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEDFORD WASHINGTON | § | |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-2539-O-BD |
| GARY FITZSIMMONS,<br>Dallas County District Clerk | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Bedford Washington, a Texas prisoner, against Gary Fitzsimmons, the District Clerk of Dallas County, Texas. On December 13, 2010, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 4, 2011. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff, who is serving a life sentence for murder, alleges that he has been denied access to the courts because the Dallas County district clerk refuses to file pleadings in his underlying criminal case, and has ignored repeated inquiries regarding the status of motions. In particular, plaintiff contends that he attempted to file two motions on July 13, 2010, and August 18, 2010, respectively. However, neither motion has been presented to the presiding judge for a ruling. By this suit, plaintiff seeks $100,000 in damages and an order compelling the clerk to file his motions and present them to the judge.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*,

127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for monetary damages against Dallas County District Clerk Gary Fitzsimmons -- the only defendant named in his complaint. In his interrogatory answers, plaintiff explains that Fitzsimmons is liable for damages because he supervises the deputy clerks who are authorized "to act in his name and perform any and all acts lawfully done by virtue of that authority." (*See* Mag. J. Interrog. #3). However, in order to establish supervisory liability under 42 U.S.C. § 1983, plaintiff must plead enough facts to show that Fitzsimmons either: (1) affirmatively participated in acts that caused a constitutional deprivation, or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege personal involvement by Fitzsimmons, and has not identified an official policy or custom that resulted in the denial of his constitutional rights. Because there is no vicarious liability under section 1983, plaintiff has failed to state a claim for relief against this defendant. *See Hall v. Hamlin*, No. 3-01-CV-1685-D, 2002 WL 31421922 at *2 (N.D. Tex. Oct. 21, 2002) (district clerk not liable under section 1983 for the actions of subordinates).

C.

Nor can this court issue an order compelling the Dallas County district clerk to file motions or other pleadings tendered by plaintiff, and to present the filings to the presiding judge in his underlying criminal case. Under the federal mandamus statute, a district court has original

jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The plain language of this statute limits the mandamus authority of the federal courts to actions involving federal agencies, officers, or employees. Courts lack the general power to issue writs of mandamus to direct state judicial officials in the performance of their duties. See Foley v. Texas, No. 3-06-CV-2190-D, 2007 WL 603985 at *2 (N.D. Tex. Feb. 27, 2007), citing Moye v. Clerk, DeKalb Co. Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) (federal court cannot direct state court or state judicial officer to perform an official act where mandamus is the only relief sought); Toney v. Fitzsimmons, No. 3-07-CV-2172-P, 2008 WL 495796 at *1 (N.D. Tex. Feb. 21, 2008) (federal court lacks authority to order Dallas County district clerk to file pleadings in state court case); Rodriguez v. Fitzsimmons, No. 3-07-CV-1447-D, 2007 WL 4354430 at *2 (N.D. Tex. Dec. 11, 2007) (same).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE